IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACH, INC.; COACH SERVICES, INC., <br><br>  Plaintiffs, <br><br>  v. <br><br> DIANA FASHION, an unknown business entity; DIANE DAO, an individual; and DOES 1-10, inclusive, <br><br>  Defendants. | Case No. 11-2315 SC <br><br> ORDER DENYING APPLICATION <u>FOR DEFAULT JUDGMENT</u> |

### I.  INTRODUCTION

Plaintiffs Coach, Incorporated ("Coach") and Coach Services, Incorporated ("Coach Services") (collectively, "Plaintiffs") seek entry of Default Judgment against Defendants Diana Fashion and Diane Dao (collectively, "Defendants").  ECF No. 14 ("App. for Default J.").  Having considered the papers submitted, the Court concludes that entry of Default Judgment against Defendants is inappropriate and DENIES Plaintiffs' Application without prejudice.

### II.  BACKGROUND

The following allegations are taken from Plaintiffs' Complaint.  Coach Services is a wholly owned subsidiary of Coach, a

Maryland corporation with its principal place of business in Jacksonville, Florida. ECF No. 1 ("Compl.") ¶ 5. Coach manufactures, markets, and sells fine leather and mixed material products, including handbags, wallets, and accessories. Id. ¶ 10. Coach owns the "COACH" trademark and various composite trademarks and assorted components (collectively, "Coach Marks"). Id. ¶ 11. Additionally, Coach owns various copyright registrations, including the Horse and Carriage Mark and the Op Art Mark. Id. ¶ 13.

Plaintiffs allege that counterfeit Coach branded products were sold and purchased from Defendant Diana Fashion, an unknown business entity operating out of San Jose California. Id. ¶¶ 6, 18. Plaintiffs further allege that Defendant Diane Dao is the owner of Diana Fashion and "is the active moving, and conscious force" behind Diana Fashion's infringing activities. Id. ¶ 21.

Plaintiffs bring claims for: (1) trademark counterfeiting; (2) federal trademark infringement; (3) false designation of origin and false advertising; (4) federal trademark dilution; (5) trademark dilution in violation of the California Business and Professions Code; (6) common law unfair competition; and (7) copyright infringement. Id. ¶¶ 23-87. Plaintiffs seek injunctive relief, an award of Defendants' profits and all damages sustained by Plaintiffs as a result of Defendants' illicit acts, treble damages pursuant to 15 U.S.C. 1117(b), and interest, costs, and attorney's fees. Id. at 16-17.

"Diana Dao" was personally served with a summons in this action on June 2, 2011. ECF Nos. 7 (Proof of Service for Diana

2

Fashion),[1] 8 ("Proof of Service for Diana Dao").  It is unclear whether the wrong person was served or the process server merely misspelled Defendant Diane Dao's name.  In any event, there is no indication in the Proof of Service that a copy of the Complaint was served.  After Defendants failed to answer or otherwise respond to the Complaint, the clerk of the court entered default on July 1, 2011.  ECF No. 13 ("Entry of Default").  Plaintiffs now apply for default judgment.

### III. LEGAL STANDARD

After entry of a default, the Court may enter a default judgment.  Fed. R. Civ. P. 55(b)(2).  Its decision whether to do so, while "discretionary," Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980), is guided by several factors.  As a preliminary matter, the Court must "assess the adequacy of the service of process on the party against whom default is requested."  Bd. of Trs. of the N. Cal. Sheet Metal Workers v. Peters, No. 00-0395, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001).  If the Court determines that service was sufficient, it should consider whether the following factors support the entry of default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions

---

[1] According to the Proof of Service, Diana Dao is designated by law to accept service of process on behalf of Diana Fashion.

on the merits.  <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

**IV.  DISCUSSION**

Entry of default judgment is inappropriate because service of process on Defendants appears to be defective.  Federal Rule of Civil Procedure 4(c)(1) provides that "[a] summons must be served with a copy of the complaint."  Service of a summons without a copy of the full complaint constitutes ineffective service of process.  <u>See</u> <u>W. Coast Theater Corp. v. Portland</u>, 897 F.2d 1519, 1529 (9th Cir. 1990); <u>see</u> <u>also</u> <u>Albra v. Advan, Inc.</u>, 490 F.3d 826, 829 (11th Cir. 2007).

Here, Plaintiffs' Proof of Service indicates that the summons was served on "Diana Dao," as opposed to Defendant Diane Dao, on June 2, 2011.  There is no indication that Defendant Diane Dao was served or that a copy of the Complaint was included in the service.  Because Plaintiffs appear to have failed to serve the Complaint on Defendants in accordance with Rule 4, Plaintiffs' Application for Default Judgment is denied without prejudice.

**V.  CONCLUSION**

For the reasons stated above, the Court DENIES Plaintiffs Coach, Incorporated and Coach Services, Incorporated's Application for Default Judgment and VACATES the Clerk's Entry of Default.  The Court will reconsider its ruling if, within fifteen (15) days of this Order, Plaintiffs file a corrected Proof of Service showing that Defendants were properly served on June 2, 2011, along with a

declaration verifying the corrected Proof of Service and describing the filing error relative to the original Proof of Service.

If Plaintiffs are unable to demonstrate that Defendants were in fact properly served on June 2, 2011, then Plaintiffs shall have thirty (30) days from the date of this Order to effect proper service on Defendants.  Plaintiffs may then re-file an application for an entry of default if Defendants fail to timely respond to a properly served complaint.  If default is entered, Plaintiffs may re-file an application for default judgment with proof of proper service.

IT IS SO ORDERED.

Dated: October 12, 2011         
                                _____
                                UNITED STATES DISTRICT JUDGE