1

2

3

4              IN THE UNITED STATES DISTRICT COURT

5         FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7   COACH, INC.; COACH SERVICES, INC., ) Case No. 11-2315 SC
                                        )
8              Plaintiffs,              ) ORDER VACATING PRIOR ORDER
                                        ) AND GRANTING APPLICATION
9      v.                               ) FOR DEFAULT JUDGMENT
                                        )
10  DIANA FASHION, an unknown business  )
    entity; DIANE DAO, an individual;   )
11  and DOES 1-10, inclusive,           )
                                        )
12             Defendants.              )
                                        )
13                                      )
                                        )
14  _____ )

15

16  **I.    INTRODUCTION**

17       Plaintiffs Coach, Incorporated ("Coach") and Coach Services,

18  Incorporated ("Coach Services") (collectively, "Plaintiffs") seek

19  entry of Default Judgment against Defendants Diana Fashion and

20  Diane Dao (collectively, "Defendants").  ECF No. 14 ("Mot.").  The

21  Court previously denied Plaintiffs' application because there were

22  defects in Plaintiffs' proof of service.  ECF No. 18 ("Oct. 13,

23  2011 Order").  Plaintiffs subsequently submitted a corrected proof

24  of service and a declaration from the process server, Robina Alves

25  ("Alves"), showing that the Complaint and Summons were served on

26  the proper defendants in accordance with Federal Rule of Civil

27  Procedure 4.  See ECF Nos. 20 ("Dao POS"), 23 ("Alves Decl.").

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  Having considered the papers submitted by Plaintiffs, the Court

2  VACATES its October 13, 2011 Order and GRANTS Plaintiffs' motion

3  for default judgment.

4

5  **II.   BACKGROUND**

6       Coach Services is a wholly owned subsidiary of Coach, a

7  Maryland corporation with its principal place of business in

8  Jacksonville, Florida.  ECF No. 1 ("Compl.") ¶ 5.  Coach

9  manufactures, markets, and sells fine leather and mixed material

10 products, including handbags, wallets, and accessories.  Id. ¶ 10.

11 Coach owns the "COACH" trademark and various composite trademarks

12 and assorted components (collectively, "Coach Marks").  Id. ¶ 11.

13 Additionally, Coach owns various copyright registrations, including

14 the Horse and Carriage Mark and the Op Art Mark.  Id. ¶ 13.

15      Plaintiffs allege that counterfeit Coach branded products were

16 sold by and purchased from Defendant Diana Fashion, an unknown

17 business entity operating out of San Jose, California.  Id. ¶¶ 6,

18 18.  Plaintiffs further allege that Defendant Diane Dao is the

19 owner of Diana Fashion and "is the active moving, and conscious

20 force" behind Diana Fashion's infringing activities.  Id. ¶ 21.

21      Plaintiffs filed this action on May 10, 2011 and personally

22 served the Summons and Complaint on Diane Dao June 2, 2011.  See

23 Alves Decl. ¶ 3; Dao POS; ECF No. 7 ("Diana Fashion POS").  The

24 Complaint asserts claims for: (1) trademark counterfeiting; (2)

25 federal trademark infringement; (3) false designation of origin and

26 false advertising; (4) federal trademark dilution; (5) trademark

27 dilution in violation of the California Business and Professions

28

2

**United States District Court**
For the Northern District of California

1  Code; (6) common law unfair competition; and (7) copyright

2  infringement.  Compl. ¶¶ 23-87.  Plaintiffs seek injunctive relief,

3  an award of Defendants' profits and all damages sustained by

4  Plaintiffs as a result of Defendants' illicit acts, treble damages

5  pursuant to 15 U.S.C. 1117(b), and interest, costs, and attorney's

6  fees.  Id. at 16-17.

7      After Defendants failed to answer or otherwise respond to the

8  Complaint, the clerk of the court entered default on July 1, 2011.

9  ECF No. 13 ("Entry of Default").  Plaintiffs now apply for default

10  judgment.

11

12  **III.  LEGAL STANDARD**

13      After entry of a default, the Court may enter a default

14  judgment.  Fed. R. Civ. P. 55(b)(2).  Its decision whether to do

15  so, while "discretionary," Aldabe v. Aldabe, 616 F.2d 1089, 1092

16  (9th Cir. 1980), is guided by several factors.  As a preliminary

17  matter, the Court must "assess the adequacy of the service of

18  process on the party against whom default judgment is requested."

19  Bd. of Trs. of the N. Cal. Sheet Metal Workers v. Peters, No. 00-

20  0395 VRW, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2,

21  2001).  If the Court determines that service was sufficient, it

22  should consider whether the following factors support the entry of

23  default judgment: (1) the possibility of prejudice to the

24  plaintiff; (2) the merits of plaintiff's substantive claim; (3) the

25  sufficiency of the complaint; (4) the sum of money at stake in the

26  action; (5) the possibility of a dispute concerning material facts;

27  (6) whether the default was due to excusable neglect; and (7) the

28

1 strong policy underlying the Federal Rules of Civil Procedure

2 favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470,

3 1471-72 (9th Cir. 1986).  "The general rule of law is that upon

4 default the factual allegations of the complaint, except those

5 relating to the amount of damages, will be taken as true."  Geddes

6 v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977).

7 Therefore, for the purposes of this Motion, the Court accepts as

8 true the well-pleaded facts in the Complaint.

9

10 **IV.   DISCUSSION**

11      **A.    Adequacy of Service**

12      Federal Rule of Civil Procedure 4(e) provides that an

13 individual may be served by "delivering a copy of the summons and

14 of the complaint to the individual personally."  Fed. R. Civ. P.

15 4(e)(2)(A).  Federal Rule of Civil Procedure 4(h) provides that a

16 corporation, partnership, or other unincorporated association may

17 be served by "delivering a copy of the summons and of the complaint

18 to an officer, a managing or general agent, or any other agent

19 authorized by appointment or by law to receive service of process."

20 Here, the Complaint and Summons for Dao and Diana Fashion were

21 personally served on Dao on June 2, 2011 at Diana Fashion, located

22 at 2549 South King Road, San Jose.  See Alves Decl. ¶ 3; Dao POS;

23 Diana Fashion POS.  During the service of process, Dao identified

24 herself as the owner of Diana Fashion.  Alves Decl. ¶ 3.  The Court

25 finds that service of process upon Defendants was adequate and

26 complete by June 2, 2011.

27 ///

28

United States District Court
For the Northern District of California

4

**United States District Court**
For the Northern District of California

**B.     Default Judgment**

After entry of a default, a court may grant a motion for default judgment on the merits of the case.  See Fed. R. Civ. P. 55.  A default judgment may not be entered, however, against an infant or incompetent person unless represented in the action by a general guardian or other such representative who has appeared. See id. Furthermore, a default judgment may not be entered against an individual in military service until after the court appoints an attorney to represent the defendant.  See 50 U.S.C. App. § 521. Neither Dao nor Diana Fashion are infants, incompetent persons, or persons in military service.  Chan Decl. ¶ 7.[1]  Accordingly, the Court may consider whether a default judgment may be entered against Defendants.

Here, the majority of the Eitel factors favor default judgment.

### 1.    Prejudice

Plaintiffs allege that Defendants' actions have caused them to suffer a loss of goodwill since consumers who purchased Defendants' counterfeit products believed them to be genuine Coach products and were disappointed by their inferior quality, design, and style. See Compl. ¶¶ 25, 39.  Plaintiffs also allege they have suffered financial loss from the lost sales of genuine Coach products.  See id.  As Defendants have thus far ignored Plaintiffs' lawsuit, if the motion for default judgment were to be denied, then Coach would likely be left without a remedy.  Thus, Plaintiffs would be prejudiced absent entry of default judgment.

---

[1] Cindy Chan ("Chan"), attorney for Plaintiffs, filed a declaration in support of the Motion.  ECF No. 14-2 ("Chan Decl.").

**United States District Court**
For the Northern District of California

1    　　　　2.　　Merits of Plaintiffs' Substantive Claims and

2    　　　　　　Sufficiency of the Complaint

3    　　　Taken together, the second and third <u>Eitel</u> factors essentially

4    require that "a plaintiff state a claim on which [it] may recover."

5    <u>Pepsico, Inc. v. Cal. Sec. Cans</u>, 238 F. Supp. 2d 1172, 1175 (C.D.

6    Cal. 2002) (internal quotations omitted).　Coach asserts claims for

7    (1) trademark counterfeiting and infringement, 15 U.S.C. § 1114;

8    (2) false designation of origin, <u>id.</u> § 1125(a); (3) trademark

9    dilution, <u>id.</u> § 1125(c); and (4) related claims under state law.

10   <u>See</u> Compl.　Coach seeks to recover statutory damages in lieu of

11   actual damages as relief.　Mot. at 7.　Accordingly, the Court

12   examines the only one of Coach's claims for which statutory damages

13   are available -- its claim for federal trademark counterfeiting and

14   infringement.　<u>See</u> 15 U.S.C. § 1117(c) (providing for statutory

15   damages for trademark counterfeiting); <u>see</u> <u>also</u> <u>Chanel, Inc. v.</u>

16   <u>Tshimanga</u>, No. C-07-3592, 2008 U.S. Dist. LEXIS 118783, *17 (N.D.

17   Cal. July 15, 2008) (adopting same approach).

18   　　　To prevail on its trademark infringement and counterfeiting

19   claim, Coach must prove that, without its consent, Defendants used

20   in commerce a reproduction or copy of Coach's registered trademark

21   in connection with the sale or advertising of any goods or

22   services, and that such use is likely to cause confusion, mistake,

23   or deceive customers.　15 U.S.C. § 1114(1)(a); <u>Brookfield Commc'n</u>

24   <u>v. West Coast Entm't</u>, 174 F.3d 1036, 1046-47 (9th Cir. 1999).

25   Here, Plaintiffs have alleged each of these elements in the

26   Complaint.　<u>See</u> Compl. ¶¶ 32-41.　Taking these well-pleaded

27   allegations to be true, as the Court must, Plaintiffs have

28

**United States District Court**
For the Northern District of California

1    adequately stated a claim on which they may recover.

2              3.    Amount of Money at Stake

3         Pursuant to the fourth Eitel factor, "the court must consider

4    the amount of money at stake in relation to the seriousness of

5    Defendant's conduct."  Pepsico, 238 F. Supp. 2d at 1176.  Here,

6    Defendants have engaged in the sale and distribution of counterfeit

7    goods bearing at least four of Plaintiffs' trademarks, and

8    Defendants continue to sell counterfeit Coach merchandise.  See

9    Mot. at 8-9, Chan Decl. ¶ 3, Ex. 1.  Given the likelihood that

10   Defendants' conduct may cause confusion or mistake or otherwise

11   deceive customers, and Defendants' failure to comply with the

12   judicial process or to participate in any way in the present

13   litigation, the imposition of a substantial monetary award is

14   justified.  The amount of money at stake is therefore proportionate

15   to Defendants' conduct, especially in light of the fact that the

16   size of the award is limited by what the Court considers just.

17             4.    Possibility of Dispute Concerning Material Facts

18        The fifth Eitel factor considers the possibility of dispute as

19   to any material facts in the case.  Here, Plaintiffs filed a well-

20   pleaded complaint alleging the facts necessary to establish their

21   claims and provided evidence in the form of Chan's declaration.

22   Defendants have not responded to any of the proceedings in this

23   case, and thus no dispute has been raised regarding the material

24   averments of the Complaint.  The likelihood that any genuine issue

25   may exist is, at best, remote.  This factor therefore favors the

26   entry of default judgment.

27   ///

28

<div style="writing-mode: vertical">**United States District Court**
For the Northern District of California</div>

1            5.   <u>Whether Default Was Due to Excusable Neglect</u>

2         Defendants have had over six months to respond to the

3     Complaint and have not done so.   There is no evidence in the record

4     that Defendants' failure to appear and otherwise defend was the

5     result of excusable neglect.   Defendants' failure to appear after

6     being personally served with the Complaint indicates that their

7     failure to appear was willful.

8            6.   <u>Strong Policy Favoring Decision on the Merits</u>

9         The final <u>Eitel</u> factor, underscoring the policy favoring

10    decisions on the merits, does not save this action from default

11    judgment.   This policy is not dispositive and "Defendant's failure

12    to answer Plaintiffs' Complaint makes a decision on the merits

13    impractical, if not impossible."   <u>Pepsico</u>, 238 F. Supp. 2d at 1177.

14    **C.   <u>Remedies</u>**

15        A plaintiff is required to prove all damages sought in the

16    complaint.   <u>See</u> <u>Televideo Sys., Inc. v. Heidenthal</u>, 826 F.2d 915,

17    917-18 (9th Cir. 1987).   In addition, any relief sought may not be

18    different in kind from, or exceed in amount, what is demanded in

19    the complaint.   <u>See</u> Fed. R. Civ. P. 54(c).   If the facts necessary

20    to determine damages are not contained in the complaint, or are

21    legally insufficient, they will not be established by default.   <u>See</u>

22    <u>Cripps v. Life Ins. Co. of N. Am.</u>, 980 F.2d 1261, 1267 (9th Cir.

23    1992).

24           1.   <u>Statutory Damages</u>

25        First, Plaintiffs seek to recover an award of $50,000 in

26    statutory damages under 15 U.S.C. § 1117(c).   Mot. at 6-9.   Damages

27    inquiries under Section 1117(c) look to both compensatory and

28

United States District Court

For the Northern District of California

1  punitive considerations.  See Sara Lee Corp. v. Bags of New York,

2  Inc., 36 F. Supp. 2d 161, 165 (S.D.N.Y. 1999).  Section 1117(c)

3  provides, in relevant part:

> In a case involving the use of a counterfeit mark . . .
> in connection with the sale, offering for sale, or
> distribution of goods or services, the plaintiff may
> elect . . . to recover, instead of actual damages and
> profits . . . , an award of statutory damages for any
> such use in connection with the sale, offering for sale,
> or distribution of goods or services in the amount of--
> (1) not less than $ 1,000 or more than $ 200,000 per
> counterfeit mark per type of goods or services sold,
> offered for sale, or distributed, as the court considers
> just; or (2) if the court finds that the use of the
> counterfeit mark was willful, not more than $ 2,000,000
> per counterfeit mark per type of goods or services sold,
> offered for sale, or distributed, as the court considers
> just.

14  15 U.S.C. § 117(c)(1)-(2).  Statutory damages for trademark

15  infringement are particularly appropriate in default cases such as

16  this, where there is a lack of information regarding a defendant's

17  sales and profits.  See Sara Lee Corp., 36 F. Supp. 2d at 165.

18      The Lanham Act does not provide guidelines for courts to use

19  in determining an appropriate award.  See Louis Vuitton Malletier &

20  Oakley, Inc. v. Veit, 211 F. Supp. 2d 567, 583 (E.D. Pa. 2002).

21  Consequently, if a plaintiff elects statutory damages, a court has

22  wide discretion in determining the amount of statutory damages to

23  award.  See Columbia Pictures Indus. Inc. v. Krypton Broad. of

24  Birmingham, 259 F.3d 1186, 1194 (9th Cir. 2001).  Some courts will

25  consider estimates of actual damages in calculating statutory

26  damages; however, "there is no necessary mathematical relationship

27  between the size of [an award of statutory damages] and the extent

28

**United States District Court**
For the Northern District of California

1    or profitability of the defendant's wrongful activities." <u>Sara Lee</u>

2    <u>Corp.</u>, 36 F. Supp. 2d at 165 (internal quotations and citations

3    omitted).

4         In the instant action, Plaintiffs request statutory damages of

5    $50,000.  Plaintiffs' request is based on their assertion that

6    there are at least four trademarks infringed on the handbag

7    purchased by Coach's investigator, the investigator's observation

8    that there were about 15-20 infringing handbags on sale at

9    Defendants' store, the assumption that there were far more

10   counterfeit products sold than those that were at the store at the

11   time of survey, and the fact that authentic Coach handbags that are

12   similar in style to the infringing handbag typically retail for

13   approximately $385.  Mot. at 8-9, Chan Decl. ¶ 3, Ex. 1.

14        The Court finds that the statutory damages requested by

15   Plaintiffs bear a plausible relationship to Defendants' infringing

16   activities and the profits Defendants may have realized from those

17   activities.  Such damages will also serve to deter future

18   infringement by Defendants or others.  Further, a statutory damage

19   award of $50,000 is in line with default judgments granted by other

20   district courts in similar circumstances.  <u>See</u> <u>Coach Servs. v. La</u>

21   <u>Terre Fashion, Inc.</u>, CV 10-2129 PSG (JCx), 2011 U.S. Dist. LEXIS

22   126763, at *10-11 (C.D. Cal. Nov. 1, 2011) (granting an award of

23   $45,000).

24             2.   <u>Injunctive Relief</u>

25        In addition to damages, Coach requests a permanent injunction

26   enjoining Defendants from using Coach trademarks in connection with

27   the sale and offer for sale of infringing products.  The Lanham Act

28

**United States District Court**
For the Northern District of California

1    gives the court "power to grant injunctions, according to the rules

2    of equity and upon such terms as the court may deem reasonable, to

3    prevent the violation" of a trademark holder's rights.   15 U.S.C.

4    § 1116(a).   Permanent injunctions are routinely granted in cases

5    like the instant one where a defendant has not appeared in the

6    action at all.   Philip Morris U.S.A., Inc. v. Castworld Prods., 219

7    F.R.D. 494, 502 (C.D. Cal. 2003); Pepsico, 238 F. Supp. 2d at 1178;

8    Coach Servs., Inc. v. Cheap Sunglasses, No. 09 CV 1059 BEN (JMA),

9    2010 U.S. Dist. LEXIS 68200, at *6 (S.D. Cal. July 6, 2010).

10   Accordingly, the Court grants Coach's request for a permanent

11   injunction enjoining Defendants from using Coach trademarks in

12   connection with the sale and offer for sale of infringing products.

13                    3.   Costs

14       Coach also requests costs under 15 U.S.C. § 1117(a), which

15   authorizes recovery of the costs of an action for the violation of

16   any right of the registrant of a trademark.   Coach is entitled to

17   the costs of this action.   See Lindy Pen Co. v. Bic Pen Corp., 982

18   F.2d 1400, 1405 (9th Cir. 1993).   Coach may submit its Bill of

19   Costs in accordance with Civil Local Rule 54-1.

20

21   **V.    CONCLUSION**

22       The Court VACATES its October 13, 2011 Order (ECF No. 18) and

23   GRANTS the Motion for Default Judgment filed by Plaintiffs Coach,

24   Inc. and Coach Services, Inc.   The Court enters JUDGMENT in favor

25   of Plaintiffs and against Defendants Diana Fashion and Diane Dao in

26   the amount of $50,000 plus Plaintiffs' costs.   Defendants are

27   PERMANENTLY ENJOINED from infringing any of Plaintiffs' trademarks.

28

1  Plaintiffs shall submit their Bill of Costs within fourteen (14)

2  days of this Order as provided by Civil Local Rule 54-1.   Failure

3  to do so will result in a waiver of costs.

4

5  IT IS SO ORDERED, ADJUDGED, AND DECREED.

6

7        Dated: December 13, 2011        

8                                        UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28